## Henning Estate

*Michael P. Schaefer,* for contestant.
*Edward J. Greene,* for beneficiary-proponent.
*James P. Lochner,* for trustee.

ROSS, *J.,* September 14, 1989 — Carl C. Henning died in October 1986. Audrey Popovich, who contests the validity of an amendment made April 9, 1986, to the inter vivos trust created on September 25, 1984, by Carl C. Henning, has moved to compel the production of a memorandum dated September 13, 1988, written by an attorney, a legal officer of Pittsburgh National Bank, to a trust officer of the

bank. Pittsburgh National Bank is the trustee of the trust the amendment to which is now under attack by Popovich.[1]

The memorandum recites only the basic facts given above and goes on to express a legal opinion as to the merits of certain defenses to the contest, the viability of the Popovich attack and proper procedures to be followed by the bank.

The document has been made available to Laverne Abel, a beneficiary-proponent of the trust as amended, and her counsel by the trustee. Laverne Abel is defending the challenge to the trust as amended.

Pa.R.C.P. 4003.3 provides:

"Subject to the provisions of rules 4003.4 and 4003.5 [relating to trial preparation materials and expert testimony] a party may obtain discovery of any matter discoverable under rule 4003.1 [non-privileged, relevant materials] even though prepared in anticipation of litigation or trial by or for another party or by or for that party's representative, including his attorney . . . or agent. The discovery shall not include disclosure of . . . [a party's attorney's] conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his . . . conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

Is the trustee here a party or a representative of a party for purposes of the rule?

---

1. The objection to the trust amendment was made orally and by the filing of written objections by Popovich. This is proper procedure since the validity of the amendment raises a question of proper distribution: *Martin Estate,* 349 Pa. 255, 260, 36 A.2d 786, 788 (1944).

A trustee has broad powers in matters involving the validity of the document from which it derives its powers and a positive duty to defend the document: Restatement (Second) of Trusts, §178. A trustee has a different duty from that of an executor. An executor is only a stakeholder in a will contest and, although he is a necessary party to be joined, he may not appeal from a refusal by the register to probate the testamentary document appointing him: Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, §908, 20 Pa.C.S. §908. A trustee, on the other hand, since he has a positive duty to defend the trust, may under the same statutory section actively participate in an appeal from any decree of the register adversely affecting the trust. The statutory section and the case law recognize that a trustee must defend the trust from attack: Probate, Estates and Fiduciaries Code of June 30, 1972, *supra,* §908, 20 Pa.C.S. §908; *Martin Estate,* 349 Pa. 255, 260, 36 A.2d 786, 788 (1944); *Ryan Trust,* 2 Pa. Fiduc.2d 61, 64 (1979).

If an executor becomes embroiled in a will contest, in the absence of the testator's requirement that he defend the will, he may not look to the estate for fees and costs incurred in the contest while a trustee may: *Bennett Estate,* 366 Pa. 232, 77 A.2d 607 (1961); *Martin's Estate, supra* at 260, 36 A.2d at 788.[2]

At any event, the trustee here is a party and also

---

2. A recent case, refusing counsel fees and costs to a trustee, held that the trustee must be passive in defending the trust if his position is identical to that of one of the parties, but that case is contrary to section 908 of the Probate, Estates and Fiduciaries Code of June 30, 1972, *supra,* 20 Pa.C.S. §908, and the duty placed on all trustees to defend the trust: Restatement of Trusts, *supra,* §178. A better decision might have restricted costs and fees payable to a total of one reasonable fee.

is a representative, as trustee, of Laverne Abel, a party-beneficiary actively defending the trust. Therefore, the legal opinion of the trustee's counsel concerning the validity of the contest, defenses and proper procedures to be followed by the trustee is an opinion "respecting the value or merit of claim or defenses or respecting strategy or tactics" prepared by an attorney for a party. (It also is an opinion prepared by counsel for the trustee of another party.)

Counsel for the petitioner argues, since the rule says that certain matters are discoverable even though prepared "in anticipation of litigation or trial by or for another party" or his representative, that the exception for opinions of counsel cannot apply because the document here sought was prepared prior to a pending lawsuit. But this agreement belies the plain meaning of the words of the rule. "Anticipation of litigation" means in "expectation of" or "looking forward" to litigation and would include the situation where no lawsuit was filed: *Equitable Gas Company v. Walbrook Insurance Company*, no. G.D. 05108 of 1982 (Allegheny County, 1984); *Little v. Allstate Insurance Company*, no. G.D. 20421 of 1979 (Allegheny County, 1980).

Popovich argues that, since the bank at deposition only raised a general attorney-client privilege objection, it may not now raise the work-product objection under Pa.R.C.P. 4016. At argument before the court, the bank contended that its general objection included the work-product exclusion. It further argued that by refusing to produce the document at deposition, the same broad-based objection was made.

Pa.R.C.P. 4016(b) provides for waiver of objections to the competency of testimony by a witness if timely objection on grounds known to the objector

was not made at deposition. Other kinds of waiver relate to failure to object to errors in notice (Pa.R.C.P. 4026(d)); failure to object to errors of procedure (Pa.R.C.P. 4016(c)); failure to object to the competency of a witness (Pa.R.C.P. 4016(b)); or failure to object to the disqualification of the person before whom the deposition is taken (Pa.R.C.P. 4016(a)).

None of these situations is before the court now. No one failed to object to the competency of a witness or his testimony or to errors of procedure or notice. If a document was asked for at the deposition but not produced, the right to object later to its production is not one waived under the rule. Thus, whether or not the bank or Laverne Abel failed to object to the production of a document at deposition, there has been no waiver of the right to object to the petition for production.

Counsel for Popovich argues, even though the bank may be a party protected by Pa.R.C.P. 4003.3 from having to disclose its counsel's opinions concerning the validity of the trust contest, defenses thereto and tactics, that the bank has waived its privilege by revealing the contents of the memorandum of its counsel to Laverne Abel and her lawyer.

It must be noted that the bank wears two hats in this matter. It is not only a party defending an attack on the trust. It is also the trustee of the other party defending the trust, Laverne Abel.

Pa.R.C.P. 4003.3 is broad in scope. It permits discovery of materials prepared for a party or for his agent, attorney, consultant, surety, insurer or indemnitor. Although these entities may have a similar interest as the party, it is not required that the interest be identical. An insurer may have a similar interest as the insured but its liability is based upon contract as well as upon the wrong-doing of the insured. The rule extends the protection from dis-

covery of opinions concerning the validity of a claim or defense or respecting strategy or tactics to the representative of a party as well as to a party. If a representative of a party, such as an insurer, is protected, it logically follows that a co-defendant-party-representative is also protected.

Pittsburgh National Bank, a trustee defending the trust, has an interest in the trust not identical with that of the beneficiary party. Both derive their differing trust rights from the trust. However, they have a common and identical interest in defense of the suit as do insurer and insured whose liability is based upon differing grounds.

The sharing of an opinion drafted by counsel for the bank with the other party in defense of the trust cannot be a waiver of the right not to disclose the contents of the memorandum since it was prepared as a matter of common defense. The bank and Mrs. Abel have similar positions vis-a-vis the litigation now going on. Both prepared the witness for the deposition and utilized the memorandum in so doing. The sharing of the work product of counsel for one respondent with counsel for another respondent, whose interests in defending the trust amendment are identical, although their interests in the trust are not identical, will not render available for discovery a document which otherwise would be shielded under Pa.R.C.P. 4003.3.

The petition will be denied.

## ORDER OF COURT

And now, September 14, 1989, after consideration of the written and/or oral arguments of counsel for Pittsburgh National Bank, trustee, for Laverne Abel, beneficiary-proponent, and Audrey Popovich, contestant, concerning the petition by

Audrey Popovich seeking to compel production of a memorandum dated September 13, 1988, prepared by counsel for Pittsburgh National bank for a member of the bank's trust department, it is ordered, adjudged and decreed that the prayer of the petition is hereby denied.